UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
RICHARD ZECHER, ROBERT YADEGAR, ZECH CAPITAL LLC, Y-GAR CAPITAL LLC, RICHARD N. ZECHER 2010 FAMILY TRUST, RICHARD N. ZECHER 2010 FAMILY TRUST FOR THE BENEFIT OF EVAN GREGORY ZECHER and RICHARD N. ZECHER 2010 FAMILY TRUST FOR THE BENEFIT OF RACHEL JOY ZECHER,

                    Plaintiffs,

   -against-

VINCE HOLDING CORP., JILL GRANOFF, LISA KLINGER, MARK BRODY, BRENDAN HOFFMAN, DAVID STEFKO, MARC J. LEDER, SUN CAPITAL PARTNERS, INC., SUN CARDINAL, LLC, SCSF CARDINAL, LLC and SUN CAPITAL PARTNERS MANAGEMENT V, LLC,

                    Defendants.
----------------------------------------------------------------------X
ALFRED ZECHER,

                    Plaintiff,

   -against-

VINCE HOLDING CORP., JILL GRANOFF, LISA KLINGER, MARK BRODY, BRENDAN HOFFMAN, DAVID STEFKO, MARC J. LEDER, SUN CAPITAL PARTNERS, INC., SUN CARDINAL, LLC, SCSF CARDINAL, LLC and SUN CAPITAL PARTNERS MANAGEMENT V, LLC,

                    Defendants.
----------------------------------------------------------------------X

**FILED**
**CLERK**
3:55 pm, Sep 08, 2020
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**MEMORANDUM & ORDER**
18-cv-5072 (SJF) (AYS)

19-cv-5629 (SJF) (AYS)

FEUERSTEIN, District Judge:

    Plaintiffs in these two actions allege violations of the Securities and Exchange Act of 1934 by defendants Vince Holding Corp. ("Vince" or the "Company"), and certain former and

current officers, directors, and controlling shareholders, and seek to recover damages resulting from their purchase of Vince common stock at artificially inflated prices between March 19, 2015 and May 19, 2017.[1]  Defendants have moved to dismiss both cases.  *See* Motion, *Zecher I,* DE [24]; Motion, *Zecher II,* DE [25].  Pending before the Court are Plaintiffs' objections to the Report and Recommendation of the Honorable Anne Y. Shields, United States Magistrate Judge, dated April 14, 2020 (the "Report"), *see* DE [36], recommending, *inter alia,* (1) dismissal of both complaints without leave to replead; and (2) finding the motions to consolidate the two matters to be moot.  Defendants have filed responses to Plaintiffs' objections.  For the reasons set forth below, Magistrate Judge Shields' Report is adopted in its entirety.

**I. STANDARD OF REVIEW**

Any party may serve and file written objections to a report and recommendation of a magistrate judge within fourteen (14) days after being served with a copy thereof.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2).  Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo.*  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).  The Court is not required, however, to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed.  *See Thomas v. Arn,* 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2 435 (1985).  In addition, general objections or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to

---

[1] The first case was filed on September 7, 2018, *see* 18-cv-5072 ("*Zecher I*"), and an Amended Complaint was filed on January 28, 2019.  Amended Complaint ("Am. Compl."), Docket Entry ("DE") [22].  The second case was commenced on October 4, 2019.  *See* 19-cv-5629 ("*Zecher II*"), and the complaint is essentially identical to the Amended Complaint in *Zecher I*. The same attorneys represent the parties in both matters. All references to specific docket entries are to the *Zecher I* docket unless specifically indicated to the contrary.

2

invoke *de novo* review." *Owusu v. New York State Ins.,* 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009) (internal quotation marks, alteration, and citation omitted); *see also Thomas v. City of New York,* Nos. 14-CV-7513, 16-CV-4224, 2019 WL 3491486, at *4 (E.D.N.Y. July 31, 2019) ("[o]bjections seeking to relitigate arguments rejected by the magistrate judge do not constitute proper objections, and, as a result, are subject to clear error review."); *Trivedi v. New York State Unified Court Sys. Off. of Ct. Admin.*, 818 F. Supp. 2d 712, 726 (S.D.N.Y. 2011) ("[W]hen a party makes only conclusory or general objections . . . the Court will review the Report strictly for clear error. . . Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal." (internal quotation marks and citation omitted; alterations in original)), *aff'd sub nom Seck v. Off. of Ct. Admin.*, 582 F. App'x 47 (2d Cir. 2014). Any portion of a report and recommendation to which no specific timely objection is made, or to which only general, conclusory or perfunctory objections are made, is reviewed only for clear error. *Owusu*, 655 F. Supp. 2d at 312-13.

## II. DISCUSSION

### A. Objections

Plaintiffs object to the Report, arguing, *inter alia,* that Magistrate Judge Shields erred in (1) finding that Plaintiffs failed to plead fraud with particularity where the allegations identified statements, who made the statements, where they were made and why the statements were false and misleading, Plaintiffs' Objections ("Pls. Obj.") at 2, 9-11, DE [38]; (2) stating that Plaintiffs' claims, which arose from "misrepresentations and omissions concerning Defendants' implementation of a risky, unfinished beta software platform" were for "corporate mismanagement," *id.* at 2, 11-15; (3) finding that the misrepresented and omitted facts were immaterial as a matter of law, *id.* at 3, 15-19; (4) making factual inferences in favor of

3

Defendants at the pleading stage, *id.* at 3, 19-21; and (5) finding a failure to plead scienter with particularity. *Id.* at 3, 21-23. Plaintiffs also request leave to replead in the event any part of Defendants' motion to dismiss is granted, *see id.* at 23-24, thus implicitly objecting to the Magistrate Judge's recommendation that dismissal be with prejudice. Defendants have filed responses to Plaintiffs' Objections. *See* Defendants' Reponses ("Defs. Resp."), DE 40.

As the Report indicated, Plaintiffs claim that Defendants violated securities law by failing to disclose: "[1] that the Company was developing an ERP system around a new technology that had not been proven; [2] that the Company was developing its ERP platform using an unfinished beta-version of [Microsoft] AX-7 that had been released for testing and development purposes only; [3] that the Company was not developing middleware to perform the necessary data integration processes." Report at 11 (quoting Am. Compl. ¶112). This conduct, according to Plaintiffs, "substantially increased the risk of severe complications during the transition, and the likelihood that Vince's business and results of operations would be adversely affected." *Id.* Plaintiffs object, *inter alia,* to the Report's finding that the allegations constitute nonactionable corporate mismanagement. They contend that they "do not 'quarrel' with Defendants' decision about the software solution Vince selected," but rather allege that the securities law violation arises from Defendants' failure to disclose "full and truthful facts about that software selection, the ERP transition, and the resultant negative impact on Vince's business." Pls. Obj. at 12.

An omission is not actionable unless the defendant was under a duty to disclose material information and failed to do so. *See Levitt v. J. P. Morgan Secs., Inc.,* 710 F.3d 454, 465 (2d Cir. 2013). However, "once a company speaks on an issue or topic, there is a duty to tell the whole truth." *Meyer v. Jinkosolar Holdings Co.,* 761 F.3d 245, 250 (2d Cir. 2014). "Of course, the misleading omission must be material, that is, the omission must be of facts that a reasonable

4

investor would consider important." *Id.* at 251.  An investor's mere interest in the information is not sufficient.  *See Kleinman v. Elan Corp.,* 706 F.3d 145, 152-53 (2d Cir. 2013) (disclosure of information is not required "simply because it may be relevant or of interest to a reasonable investor" (internal quotation marks and citation omitted)).   Instead, there must be a "substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available." *TSC Indus., Inc. v. Northway, Inc.,* 426 U.S. 438, 449, 96 S. Ct. 2126, 48 L. Ed. 2d 757 (1976); *see also Singh v. Cigna Corp.,* 918 F.3d 57, 63 (2d Cir. 2019 (alleged misrepresentations are evaluated "not only by literal truth, but by context and manner of presentation" (internal quotation marks and citation omitted).

      Magistrate Judge Shields correctly found, *inter alia,* that the Company's decision regarding the "particular type of software used is not material information, within the meaning of the Exchange Act, that must be disclosed to investors." Report at 18.  Vince's public disclosures made clear that it would be temporarily relying upon ERP services provided by another entity under a Shared Services Agreement, that the systems providing those services were unique and potentially difficult to replace, and that the Company faced possible negative financial consequences related to the transition to new systems.  It disclosed the name and manufacturer of the product and indicated that it would be a cloud-based system.  In today's technological world, a reasonable investor is well aware that computer software and processes are constantly evolving and thus would have understood that the Company faced challenges in making the necessary transition. The omitted statements suggested by Plaintiffs would not have significantly altered that understanding and therefore were not material.[2]

---

[2] A duty to disclose may be found where a company makes statements regarding measures it will take to prevent harm without disclosing that the harm has already occurred.  *See, e.g.. Meyer,* 761 F.3d at 250

Plaintiffs further object to the Report to the extent it did not specifically address scienter as to the Defendants. It is well established that a plaintiff alleging securities fraud must "allege facts that give rise to a *strong inference of fraudulent intent.*" *Stevelman,* 174 F.3d at 84 (emphasis in original) (internal quotation marks and citation omitted). The pleading of the scienter requirement may be met by alleging facts "(1) showing that the defendants had both motive and opportunity to commit the fraud or (2) constituting strong circumstantial evidence of conscious misbehavior or recklessness." *Stratte-McClure v. Morgan Stanley,* 776 F.3d 94, 106 (2d Cir. 2015). Plaintiffs claim that they have "adequately alleged scienter under both a recklessness and motive and opportunity standard." Pls. Obj. at 22. Despite this assertion, Plaintiffs in their objections point to no allegations that would support an inference that Defendants had motive and opportunity to commit a fraud. For example, they do not allege that any Defendant sold off portions of stock holdings during the relevant period. *See, e.g., Stevelman,* 174 F.3d at 86 (the alleged insider trading, "in combination with the timing of the misrepresentations, satisfies the pleading requirements of Rule 9(b) for the purposes of the *scienter* element of section 10(b) and Rule 10b-5"). The amended complaint includes only allegations regarding the relationship between Vince and the Sun Capital Defendants including, *inter alia,* that Defendants Stefko and Brody took leaves of absence from management positions at Sun Capital entities in order to take positions at Vince, and that Sun Capital and Vince had various agreements and arrangements. Am. Compl. ¶¶207-9. After setting forth the facts of the

---

(disclosure of preventative measures being taken to prevent violation of environmental regulations was misleading where there was no disclosure that such violations were already on-going). Here, the omitted statements relate only to future risk of harm which may, or may not, occur. The fact that ultimately the transition did not go as hoped and the Company suffered losses as a result does not affect the analysis of the statements it did, and did not, make previously. To find otherwise would sanction "'fraud by hindsight,' which [the Second Circuit] has rejected as a basis for a securities fraud complaint." *Stevelman v.Alias Research Inc.,* 174 F.3d 79, 85 (2d Cir. 1999).

6

relationship, the amended complaint summarily concludes that Sun Capital was "highly incentivized to make it appear that Vince was successful and to minimize or conceal any operational difficulties a the Company so that Vince could raise money from investors, the proceeds of which could be used to make the payments that Vince owed to Sun Capital and its affiliates." *Id.* ¶210. This conclusory allegation simply does not meet the Rule 9(b) pleading requirements.

Where a motive to commit fraud is not alleged, allegations indicating a defendant's conscious misbehavior or recklessness "must be correspondingly greater." *Kalnit v. Eichler,* 264 F.3d 131, 142 (2d Cir. 2001) (internal quotation marks and citations omitted). "Conscious misbehavior 'encompasses deliberate illegal behavior,' and recklessness is 'conduct which is highly unreasonable and which represents an extreme departure from the standards of ordinary care.'" *Fries v. N. Oil & Gas, Inc.,* 285 F. Supp. 3d 706, 721 (S.D.N.Y. 2018) (quoting *Novak v. Kasaks,* 216 F.3d 300, 308 (2d Cir. 2000)). Plaintiffs point to the articles regarding Microsoft's development of the software and argue that in light of the importance of the ERP platform to Vince's business and the individual Defendant's involvement with the transition, those defendants were "keenly aware of the problems, setbacks, and roadblocks" related to the transition. Pls. Obj. at 22. Drawing all reasonable inferences in Plaintiffs' favor, the allegations do not rise to the level of conscious misbehavior or recklessness. *See generally Singh v. Cigna Corp.,* 277 F. Supp. 3d 291, (D. Conn. 2017) (a plaintiff "cannot demonstrate scienter merely by noting that an area of business was vital to a company and then conclude that Defendants must have known of any false information" (internal quotation marks and citation omitted)), *aff'd on other grds,* 918 F.3d 57 (2d Cir. 2019).

7

Upon *de novo* review of the Report and consideration of Plaintiffs' remaining objections and Defendants' responses thereto, as well as the motion papers and the entire record, Plaintiffs' objections are overruled, and those branches of the Report are accepted in their entirety.

### B. Remainder of the Report

There is no clear error on the face of the Report with respect to the findings and conclusions of Magistrate Judge Shields to which no specific timely objections have been interposed. Accordingly, those branches of the Report are accepted in their entirety.

### III. LEAVE TO AMEND

In their opposition papers, Plaintiffs requested that, if the Amended Complaint were to be dismissed in part or entirely, they be given leave to amend. In support of this request, Plaintiffs cite the Rule 15 language that leave should be freely given, and cite a Second Circuit decision for the proposition that "[w]ithout the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies." *Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Secs., LLC,* 797 F.3d 160, 190 (2d Cir. 2015). Magistrate Judge Shields recommended that leave to further amend the complaint be denied given that Plaintiffs had already amended once, and that "[i]t is difficult to imagine that a third pleading would in any way animate the factual basis for the securities fraud claims sought to be alleged." Report at 20. In their objections, Plaintiffs repeat the request for the same reasons as stated in their opposition, adding only the observation that "Plaintiffs have only filed one amended complaint." Pls. Obj. at 24. They have not set forth a single way in which an additional pleading would cure the deficiencies identified in the Report let alone provided a proposed second amended complaint. The recommendation that leave to amend be denied is adopted.

Plaintiffs' perfunctory request is deficient in that it fails to provide any proposed theories or additional facts that would raise its claims from implausible to plausible. *See, e.g., City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG,* 752 F.3d 173, 188 (2d Cir. 2014) (denial of leave to amend appropriate where "plaintiffs have identified no additional facts or legal theories—either on appeal or to the District Court—they might assert if given leave to amend"); *In re Goldman Sachs Mortgage Serv'g S'holder Derivative Litig.,* 42 F. Supp. 3d 473, 487 (S.D.N.Y. 2012) (denying leave to amend where plaintiffs failed to articulate how an amendment would cure pleading defects). Significantly, leave to amend is not required where "the problem with [the] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000). The fault here lies with the claim itself since the disclosures are not material within the meaning of the Exchange Act. Indeed, there is no fault in the drafting of the amended complaint, which the Court notes, was prepared by sophisticated counsel and is both long and factually detailed. The Court finds that further amendment would be futile.

In the lone case cited by Plaintiffs, the Second Circuit found that the error lay in the procedure by which the district court denied leave to amend. During a promotion conference prior to which the parties had exchanged three-page letters regarding a potential motion to dismiss, that court presented plaintiffs "with a Hobson's choice: agree to cure deficiencies not yet fully briefed and decided or forfeit the opportunity to replead." *Loreley,* 797 F.3d at 190. Here, the denial is not based on the timing of the request, but rather on the substance of it, or, more precisely, the lack of any substance, and its futility. Plaintiffs had the benefit of Defendants' arguments in support of dismissal when they prepared and filed their amended complaint. At this juncture, not only did Plaintiffs have the benefit of Defendants' completed

9

briefing of the issues, they also had the Magistrate Judge's Report delineating the deficiencies in the amended complaint. Despite having this information at their disposal, Plaintiffs again made a *pro forma* request for leave to file a second amended complaint devoid of any legal or factual basis that would cure the deficiencies.

### IV.  CONCLUSION

For the foregoing reasons, the Report is adopted in its entirety. Defendants' motions to dismiss, *Zecher I,* 18-CV-5072, DE [24] and *Zecher II*, 19-CV-5629, DE [25], are granted. The motions to consolidate, *Zecher I,* DE [31] and *Zecher II,* DE [19], are denied as moot. The Clerk of the Court is directed to enter judgment for Defendants and to close both cases.

**SO ORDERED**.

                                                                  /s/ *Sandra J. Feuerstein*
                                                                  Sandra J. Feuerstein
                                                                  United States District Judge

Dated: Central Islip, New York
       September 8, 2020